UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., JAN. 29, 2025 | |
| PETER E. NICANDRI, Individually, as Personal Representative of the Estate of MELISSA JANE NICANDRI, deceased, and on behalf of all Surviving Beneficiaries,<br><br>Plaintiff,<br><br>-v.-<br><br>AMERICAN AIRLINES INC.<br>1 SKYVIEW DR.<br>FORT WORTH, TX 76155<br><br>PSA AIRLINES, INC.<br>1 TERMINAL DR.<br>MIDDLETOWN, PA 17057<br><br>UNITED STATES OF AMERICA,<br>Pamela Bondi, in her official capacity as U.S. Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue N.W.<br>Washington, D.C. 20530-0001<br><br>Defendants. | Lead Case No: 1:25-cv-03382-ACR<br><br>**SHORT FORM COMPLAINT** |

Plaintiff PETER E. NICANDRI, Individually, as Personal Representative of the Estate of MELISSA JANE NICANDRI, deceased, and on behalf of all Surviving Beneficiaries, respectfully alleges as follows:

1

1. Plaintiff refers to and incorporates herein by reference the Master Complaint, and any and all later amendments thereto, filed in IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., ON JAN. 29, 2025, as though fully set forth herein. Plaintiff adopts the Master Complaint and agrees to be bound by any rulings with respect to the pleadings of the Master Complaint.

2. Plaintiff adopts each of the general allegations of the Master Complaint except for those paragraph numbers set for here, if any: N/A.

## **CLAIMS AGAINST DEFENDANTS**

3. Plaintiff brings those Counts, as applicable, against each of the Defendants in the Master Complaint checked below:

☒ AMERICAN AIRLINES, INC.

☒ PSA AIRLINES, INC.

☒ UNITED STATES OF AMERICA

4. Plaintiff incorporates by reference each of the Causes of Action in the Master Complaint checked below:

*As against AMERICAN AIRLINES, INC.:*

☒ First Cause of Action for Wrongful Death Based Upon Common Carrier Duty

☒ Second Cause of Action for Survival Based Upon Common Carrier Duty

☒ Third Cause of Action for Wrongful Death Based Upon Negligence

☒ Fourth Cause of Action for Survival Based Upon Negligence

*As against PSA AIRLINES, INC.:*

☒ Fifth Cause of Action for Wrongful Death Based Upon Common Carrier Duty

☒ Sixth Cause of Action for Survival Based Upon Common Carrier Duty

☒ Seventh Cause of Action for Wrongful Death Based Upon Negligence

☒ Eighth Cause of Action for Survival Based Upon Negligence

*As against UNITED STATES OF AMERICA:*

☒ Ninth Cause of Action for Wrongful Death Based Upon Negligence

☒ Tenth Cause of Action for Survival Based Upon Negligence

## **PLAINTIFF'S INFORMATION:**

5. Decedent, MELISSA JANE NICANDRI, is an individual who was killed in the crash of American Eagle Flight 5342 ("AE 5342") on January 29, 2025.

6. MELISSA JANE NICANDRI was a resident of NEW YORK.

7. Plaintiff PETER E. NICANDRI is a resident of Florida and was the father of MELISSA JANE NICANDRI, deceased.

8. Plaintiff PETER E. NICANDRI brings this lawsuit individually on his own behalf and as Personal Representative of the Estate of MELISSA JANE NICANDRI, deceased, and on behalf of all surviving beneficiaries.

9. On or about July 3, 2025, the King's County (New York) Surrogate's Court issued an order appointing PETER E. NICANDRI as Personal Representative of the Estate of MELISSA JANE NICANDRI, deceased. Therefore, he has standing to assert both wrongful death and survival claims on behalf of all beneficiaries of MELISSA JANE NICANDRI and brings this lawsuit in his representative capacity.

## PLAINTIFF'S ADMINISTRATIVE CLAIM

10. On or about August 8, 2025, Plaintiff PETER E. NICANDRI, on behalf of himself, the Estate of MELISSA JANE NICANDRI, deceased, and all surviving beneficiaries, as well as all individual claimants, served their initial administrative claims upon the FAA.

11. On or about August 8, 2025, Plaintiff PETER E. NICANDRI, on behalf of himself, the Estate of MELISSA JANE NICANDRI, deceased, and all surviving beneficiaries, as well as all individual claimants, served their initial administrative claims upon the United States Army ("Army").

12. The USA:

☐ did not serve any formal response either accepting or denying any of the aforementioned claims within six months of filing, as set forth in 28 U.S.C. § 2675(a). This therefore constitutes a final denial of the claims entitling Plaintiff to file this complaint pursuant to 28 U.S.C. § 2675(a).

and/or

☒ the FAA denied Plaintiff's claims on November 10, 2025, on behalf of both the FAA and United States Army ("Army").

## PLAINTIFF'S DAMAGES

13. Plaintiff requests all available wrongful death and survival economic and non-economic damages in an amount according to proof at trial, including but not limited to the following:

- ☒ DECEDENT's unusual G-forces, physical injuries, conscious pain and suffering, mental anguish, emotional distress, fear of impending death, and other injuries and damages that ultimately caused her death;
- ☒ the loss of the gross earning power of the DECEDENT;
- ☒ the loss of the full value of the life of the DECEDENT;
- ☒ loss of the parental and/or familial relationship arising from the death of the DECEDENT;
- ☒ the loss of financial support and contribution of the DECEDENT;
- ☒ loss of services;
- ☒ loss of inheritance;
- ☒ loss of accumulations;
- ☒ full pecuniary loss of the DECEDENT;
- ☒ loss of support, society, love, grief, solatium, services, guidance, care, comfort, and companionship of the DECEDENT;
- ☒ loss of life's pleasures;
- ☒ loss of enjoyment of life of the DECEDENT;
- ☒ mental anguish and mental pain and suffering that the heirs, beneficiaries and distributees of the DECEDENT's Estate were caused to incur;
- ☒ other necessary and reasonable expenses as a result of the DECEDENT's death;
- ☒ attorneys' fees, costs and other damages permitted under applicable laws;
- ☒ pre- and post-judgment interest on all damages as allowed by law;

☒all costs of suit herein;

☒such other and further relief as the Court shall deem just and proper;

☐Other (specify):

## **ADDITIONAL ALLEGATIONS, IF ANY**

14. A native of Ponte Vedra Beach, Florida, MELISSA JANE NICANDRI was only 28 years old at the time of her death. She excelled academically from a young age, earning her undergraduate degree in economics from Vanderbilt University and completing a prestigious master's program in international economics and finance at Johns Hopkins University. Melissa was employed as an investment analyst at Moody's Investors Service, where she was viewed as a rising star. Her income and career trajectory were accelerating at a rapid pace.

Beyond her professional accomplishments, Melissa was a vibrant and beloved young woman. She maintained close relationships with friends from all stages of her life.

Melissa is survived by her parents, Peter and Stacie Nicandri. She was cherished by her parents, and shared a close bond with her younger brother, Michael. Her sudden death cut short not only a burgeoning career, but a rich, joyful life filled with meaningful relationships and dreams for a future that will never come to pass. Melissa's death has caused profound emotional and psychological harm to her family, who will carry the weight of her absence for the rest of their lives.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims in this action.

Dated: December 1, 2025

        **KREINDLER & KREINDLER LLP**

By: */s/ Brian J. Alexander*
Brian J. Alexander
(Bar ID: NY0679)
Justin T. Green
(Bar ID: NY0692)
Anthony Tarricone
(Bar ID: 492480)
Daniel O. Rose
(applicant *pro hac vice*)
Vincent C. Lesch
(Bar ID: NY0675)
Evan Katin-Borland
(Bar ID: NY0674)
Erin R. Applebaum
(Applicant *pro hac vice*)
485 Lexington Avenue, 28th Floor
New York, New York 10017
(212) 687-8181
balexander@kreindler.com
jgreen@kreindler.com
atarricone@kreindler.com
drose@kreindler.com
vlesch@kreindler.com
ekatinborland@kreindler.com
eapplebaum@kreindler.com

        SPOHRER & DODD, P.L.

Robert F. Spohrer
(Applicant *pro hac vice*)
76 S. Laura Street, Suite 1701
Jacksonville, FL 32204
904-309-6500
rspohrer@sdlitigation.com